```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
IGNORS SPESINSKIS,                                          :
                                                            :
                              Plaintiff,                    :
                                                            :   **MEMORANDUM DECISION AND**
             -against-                                      :   **ORDER**
                                                            :
VLADIMIR FELDMAN and ALVO                                   :   19-cv-1562 (BMC)
INTERNATIONAL INC.,                                         :
                                                            :
                              Defendants.                   :
                                                            :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff Ignors Spesinskis brought this action to collect money that he claims defendants Vladimir Feldman and Alvo International Inc. owe him under a promissory note (the "Note"). This case is before me on Spesinskis's motion for partial summary judgment, in which he seeks summary judgment against Feldman only, based on Feldman's execution of the Note. The motion is granted for the reasons stated below. In addition, Alvo is directed to show cause why summary judgment should not be granted against it as well.

## BACKGROUND

The following facts are taken from the evidence the parties submitted in connection with Spesinskis's motion for partial summary judgment, particularly Spesinskis's Local Rule 56.1 Statement which, as shown below, defendants have not controverted.

On August 2, 2015, Spesinskis loaned $43,896.35 to Alvo. Spesinskis made an additional loan of $105,000 to Alvo on September 2, 2015. Alvo failed to make any payments on this loan.

On May 23, 2016, Spesinskis and Feldman signed the Note, which effectively operated as a guarantee of Alvo's obligation. The Note identified the "Borrower" as "Vladimir Feldman (Alvo International Inc.)" and the "Lender" as "Ignors Spesinskis (Trace AV LLC)."

The Note required Feldman to pay Spesinskis in installments of $35,000 made every two months, with the first payment due on April 10, 2016. Alvo made the first payment of $35,000 but neither defendant made any additional payment. Spesinskis brings a claim for breach of a promissory note against Feldman and a claim for money had and received against Alvo.

## DISCUSSION

Under Federal Rule of Civil Procedure 56, a court may grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Matsushita Elect. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (internal quotation marks omitted). The opposing party must put forward some "concrete evidence from which a reasonable juror could return a verdict in his favor" to withstand a motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

"Actions for recovery on a promissory note are appropriately decided by motion for summary judgment because a promissory note stands on its own and establishes the plaintiff's right to payment." Crotona 1967 Corp. v. Vidu Bros. Corp., 925 F. Supp. 2d 298, 307 (E.D.N.Y. 2013) (internal quotation marks and alterations omitted). "To make out a *prima facie* case under New York law, plaintiff must provide proof of the valid note and of defendant's failure, despite proper demand, to make payment." Id. (internal quotation marks omitted). "Once a *prima facie*

showing is made, the burden shifts to the defendant to prove the existence of a triable issue of fact in the form of a bona fide defense against the note." Id. (internal quotation marks omitted).

Spesinskis has provided the Note and submitted a declaration stating that defendants only made one payment of $35,000. Defendants have failed to raise any defense to Spesinskis's claim.

At the outset, the Court notes that defendants' opposition to the motion failed to comply with several provisions of the Local Procedural Rules and Individual Practice Rules of this Court. First, plaintiff filed a short but appropriate statement of seven undisputed facts under Local Rule 56.1. In essence, plaintiff's Statement recites that plaintiff loaned the money to Alvo, and that later on, Feldman executed the Note agreeing to pay the full amount loaned to Alvo. The Statement then recites some of the terms of the Note. Each paragraph of the Statement was appropriately supported by citations to the affidavits and exhibits that plaintiff had submitted, as Local Rule 56.1(d) requires.

Defendants, in contrast, did not file a "correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried", as required by Local Rule 56.1(b). Instead, defendants filed their own "Statement of Undisputed Facts", even though defendants did not cross-move for summary judgment. This three-paragraph Statement bears only a passing relationship to plaintiff's Statement, most of the allegations of which defendants simply ignored, or restated in a way that was presumably more to their liking. It is wholly non-responsive to Spesinskis's Statement.

Putting aside the violation of this Court's Individual Practice Rule III(B)(6), which requires that "the Local Rule 56.1 statement by a party opposing summary judgment shall quote verbatim the moving party's Local Rule 56.1 statement, and shall respond to each allegation in the moving party's statement immediately beneath each allegation," defendants' Statement, by not addressing plaintiff's Statement, attracts Local Rule 56.1(c): "Each numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party."  The cases are clear that the failure to properly controvert a Local Rule 56.1 Statement means that its allegations are deemed admitted as long as there is evidence in the record to support them, as there is here.  See Russell v. Aid to Developmentally Disabled, Inc., 753 F. App'x 9 (2d Cir. 2018); Suares v. Cityscape Tours, Inc., 603 F. App'x 16 (2d Cir. 2015); Giannullo v. City of New York, 322 F.3d 139 (2d Cir. 2003).  The allegations in plaintiff's Statement are therefore deemed admitted.

Second, Local Rule 7.1(a) provides that "all motions shall include the following motion papers … (2) A memorandum of law, setting forth the cases and other authorities relied upon in support of the motion … ."  But defendants' opposition contained no memorandum of law.  Instead, it contained an argumentative attorney affirmation with one case citation, which is expressly prohibited by this Court's Individual Practice Rule III(B)(2):

> Affidavits or affirmations shall not be accepted on motions unless they are confined to factual averments. Attorney's affidavits or affirmations shall not be accepted unless: (a) the facts addressed are within the personal knowledge of the attorney, such as in a discovery dispute; or (b) the attorney is authenticating documents and the attorney reasonably believes that authentication is not in issue. … Argument or case citations, whether from a witness, party, or attorney, contained in affidavits or affirmations may result in rejection of the affidavit or affirmation or striking of the offensive portions.

The Court is accordingly disregarding defendants' attorney's affirmation.

It may be that defendants elected to disregard procedural requirements because they have no substantive defense to the motion. In fact, their entire response is a non-sequitur. Plaintiff seeks summary judgment against Feldman, not Alvo. Defendants' peculiar response to that is that Alvo is not liable. In fact, defendants submit Feldman's affidavit which acknowledges, "on or about March 23, 2016, I, in my personal capacity, executed a note ("Note") in connection with the repayment of the Funds. (See Exhibit 1 to Plaintiff's motion)." Thus, at this point, because plaintiff is not seeking judgment against Alvo, it is not clear why defendants felt obliged to assert Alvo's non-liability. In any event, both sides agree that Feldman has failed to pay and is liable on the Note, so there is no opposition to plaintiff's request for partial summary judgment. The motion is therefore granted.

In a letter filed well after submission of the motion, plaintiff requests that the Court "enter an immediate order and judgment in Plaintiff's favor on his motion for summary judgment … ." I do not know why plaintiff thinks he is entitled to immediate relief, as he offers no legal basis. He chose to sue in federal court based on diversity jurisdiction, and in federal court, unlike New York state court, "a final judgment is proper only after the rights and liabilities of all the parties to the action have been adjudicated." Hogan v. Consol. Rail Corp., 961 F.2d 1021, 1024–25 (2d Cir. 1992). Compare N.Y. C.P.L.R. § 5012. There are exceptions to the single judgment rule in federal court, but since Spesinskis has not cited me to any of them, let alone established their applicability, the Court will defer directing the Clerk to enter judgment until it resolves Spesinskis's claim against Alvo.

Having said that, it is not at all clear that Alvo has any better defense than Feldman. Olga Bekker, the President of Alvo, apparently acting under the misimpression, as explained above, that plaintiff is seeking summary judgment against Alvo as well as Feldman, submitted an affidavit in opposition to the motion admitting that plaintiff "issued two checks ("Funds") made payable to and [which] were received by Alvo International Inc.: (i) one check dated August 2, 2015 in the amount of $43.896.35 and (ii) one check dated September 2, 2015 in the amount of $105.000.00. (See Exhibit 2 to Plaintiff's motion)." Although Ms. Bekker further asserts that "[a]t no time did I or any other party ever into any written agreement binding Defendant Alvo International Inc. regarding repayment terms of the Funds", I do not see why that matters for the reason explained below. And since Alvo is deemed to have admitted plaintiff's Rule 56.1 Statement that it received the loan from plaintiff, there does not seem to be any material dispute concerning Alvo's liability.

The reason why Alvo appears to owe the money is that there is no such thing as free money. Having acknowledged that it received the funds, Alvo at some point had to pay them back. Under the common law, an action at law in assumpsit for money had and received or in equity for unjust enrichment can be maintained if the lender shows that the borrower received money belonging to the lender; that the borrower benefitted from the loan; and that under equity and good conscience, the borrower should not be permitted to keep the money. Lebovits v. Bassman, 120 A.D.3d 1198, 1199, 992 N.Y.S.2d 316, 318 (2d Dep't 2014). The action arises by way of quasi-contract, see Parsa v. State of New York, 64 N.Y.2d 143, 148, 485 N.Y.S.2d 27 (1984), so the absence of an express agreement, as Ms. Bekker asserts, does not relieve Alvo of its obligation to repay within a reasonable time. Cf. Gillon v. Traina, 70 A.D.3d 1443, 894 N.Y.S.2d 294 (4th Dep't 2010) (receipt of loan gives rise to an inference that it must be repaid).

6

Despite being broader – by addressing Alvo's liability – than they needed to be for plaintiff's summary judgment motion against Feldman, defendants' opposition papers suggest no reason why Alvo should get a free ride. Nothing in the Note that obligates Feldman discharges Alvo from its obligation to repay the money within a reasonable time or that plaintiff agreed to look solely to Feldman. It seems clear that what happened here is that Alvo received the loan, and then when it didn't pay, Feldman, a substantial shareholder of Alvo, executed the Note for the same moneys and a payment schedule, thus effectively guaranteeing Alvo's obligation. Since there seems to be no dispute about these facts, Alvo is ORDERED TO SHOW CAUSE within 14 days of the entry of this Order why summary judgment should not be granted against it.

## **CONCLUSION**

Spesinskis's [23] motion for summary judgment against Feldman is granted. Alvo is Ordered to Show Cause within 14 days of the entry of this Order why summary judgment should not be granted against it as well.

**SO ORDERED.**

                                                                                   _____
                                                                                                  U.S.D.J.

Dated: Brooklyn, New York
        July 16, 2019